

ORIGINAL
FILED

1

2   Lawrence Schwerin (WSBA # 04360)
    SCHWERIN CAMPBELL BARNARD LLP
3   18 West Mercer Street; Suite 400
    Seattle, WA 98119
4   Tel: (206) 285-2828
    Fax: (206) 378-4132
5

6

7

8                  UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  INLANDBOATMEN'S UNION OF THE PACIFIC,
    MARINE DIVISION, ILWU,
11
                                                    Case No.
12           Plaintiff,
                                            COMPLAINT FOR
13                                          DECLARATORY
    FRAN MAINELLA, in her official capacity as  JUDGMENT AND
14  DIRECTOR, UNITED STATES DEPARTMENT      INJUNCTIVE RELIEF
    OF INTERIOR, NATIONAL PARK SERVICE, and
15  UNITED STATES DEPARTMENT OF THE
    INTERIOR, NATIONAL PARK SERVICE,
16
17           Defendants.

18

19       Inlandboatman's Union of the Pacific, Marine Division, ILWU (International

20  Longshore & Warehouse Union) (hereinafter referred to as "IBU," "Plaintiff" or

21  "Union") for its Complaint against the Director of the National Park Service, Department

22  of Interior and National Park Service (collectively "NPS" or "defendants") hereby

23  complains and alleges as follows:

24

25       The Union brings this action pursuant to Sections 702 and 703 of the

26

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 1



LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

1

2  Lawrence Schwerin  (WSBA # 04360)
   SCHWERIN CAMPBELL BARNARD LLP
3  18 West Mercer Street; Suite 400
   Seattle, WA 98119
4  Tel:  (206) 285-2828
   Fax: (206) 378-4132
5

6

7

8               UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  INLANDBOATMEN'S UNION OF THE PACIFIC,
    MARINE DIVISION, ILWU,
11
                                              Case No.
12           Plaintiff,
                                              **COMPLAINT FOR**
13  FRAN MAINELLA, in her official capacity as **DECLARATORY**
    DIRECTOR, UNITED STATES DEPARTMENT      **JUDGMENT AND**
14  OF INTERIOR, NATIONAL PARK SERVICE, and  **INJUNCTIVE RELIEF**
    UNITED STATES DEPARTMENT OF THE
15  INTERIOR, NATIONAL PARK SERVICE,
16
17           Defendants.
18

19
       Inlandboatman's Union of the Pacific, Marine Division, ILWU (International
20
    Longshore & Warehouse Union) (hereinafter referred to as "IBU," "Plaintiff" or
21
    "Union") for its Complaint against the Director of the National Park Service, Department
22
    of Interior and National Park Service (collectively "NPS" or "defendants") hereby
23
    complains and alleges as follows:
24
       The Union brings this action pursuant to Sections 702 and 703 of the
25

26
COMPLAINT FOR DECLARATORY  JUDGMENT
AND INJUNCTIVE RELIEF  - 1

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE WASHINGTON 98119-3971
(206) 285-2828



Administrative Procedure Act, 5 U.S.C. §§ 702-703, and the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking (a) a judicial declaration that defendants have abused their discretion and acted contrary to law by denying Plaintiff labor union and its members rights to which they are entitled under the Service Contract Act, 41 U.S.C. § 351, *et seq*, and applicable Department of Labor implementing regulations and (b) injunctive relief to prevent immediate and irreparable harm to the Union and its members.

## JURISDICTION AND VENUE

1.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## PARTIES

3.      Plaintiff IBU is a labor union. IBU's members are, *inter alia*, deckhands and other marine personnel who are employed aboard U.S. flag commercial vessel ferries, tugboats and other types of marine vessels. IBU serves as the exclusive collective bargaining representative under the National Labor Relations Act, 29 U.S.C. § 159, of employees and IBU members employed by various employers on the West Coast of the United States.

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 2

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

4.      Bargaining units represented by IBU include the deckhands employed by contractors who have entered into concession contracts with the NPS, the principal purpose of which is to furnish transportation services. IBU also represents deckhands in collective bargaining negotiations and has had collective bargaining agreements with certain companies who have submitted proposals in response to NPS solicitations regarding concession contracts, the principal purpose of which is to furnish transportation services. IBU's organizational purposes include advocating for and promoting and preserving wages and benefits for its members. The relief sought in this action, declaratory and injunctive, does not require participation by individual IBU members.

5.      Defendant National Park Service ("NPS") is part of the United States Department of the Interior, an agency of the United States of America. See 16 U.S.C. § 1.

6.      Defendant Fran Mainella, acting in her official capacity, is the Director of the National Park Service ("Director") and is authorized by law to solicit, award and administer concessions contracts between the NPS and private contractors. See 16 U.S.C. § 1; 36 C.F.R. § 51.1.

### NATURE OF THE DISPUTE

#### The Service Contract Act

7.      The Service Contract Act of 1965, as amended, 41 U.S.C. §§ 351 et seq. ("SCA" or "the Act"), was enacted to provide broad, remedial wage and safety protection for the employees of contractors and subcontractors furnishing services pursuant to

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 3

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

contracts with federal agencies, including employees who are represented by unions in collective bargaining negotiations and agreements with companies that are competing for award of federal contracts. The SCA was intended to prevent "wage busting" by using sub-standard employee wages and fringe benefits as a basis for price competition for the award of federal agency service contracts.

8.    The SCA applies to "[e]very contract (and any bid specification therefor) entered into by the United States or the District of Columbia in excess of $2,500, except as provided in Section 7 of this Act [41 U.S.C. § 356]. The principal purpose of which is to furnish services in the United States through the use of service employees. . . ."

9.    Section 2(a) of the SCA, 41 U.S.C. § 351(a), requires that every federal agency service contract in excess of $2,500 include a provision specifying the minimum wages and fringe benefits that must be paid to the contractor's employees in the performance of the contract. Where a collective bargaining agreement covers the contractor's employees, Section 2(a) requires that the minimum wages and fringe benefits specified in the contract be those set forth in the collective bargaining agreement.

10.    Section 4(c) of the SCA, 41 U.S.C. § 353(c), preserves the protections of collective bargaining agreements negotiated by service contract employers by making the predecessor contract a "wage floor" and thereby remedying the practice of underbidding the predecessor contractor's wage and fringe benefit provisions. Specifically, Section 4(c) prohibits contractors, who furnish substantially the same services as those supplied under a predecessor contract to which a collective bargaining agreement applied, from paying their employees less than the wages and fringe benefits provided for in the

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 4

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE WASHINGTON 98119-3971
(206) 285-2828

predecessor contractor's collective bargaining agreement, unless the Secretary of Labor determines after a hearing that such wages and fringe benefits are substantially at variance with those prevailing in the locality.

**Department of Labor Regulations Implementing the SCA**

11.    Congress explicitly granted the responsibility for administering the SCA to the United States Department of Labor ("DOL"). See 41 U.S.C. § 353. Pursuant to that authority, DOL has issued regulations implementing the SCA, which are found at 29 C.F.R. Part 4.

12.    The regulation implementing Section 4(c) of the SCA, 29 C.F.R. § 4.163, provides in pertinent part that "Section 4(c) is self-executing" and imposes a "direct statutory obligation" on the successor contractor, notwithstanding the issuance or incorporation in the successor contract of a DOL wage determination.

13.    29 C.F.R. § 4.163 expressly provides that no provision of the regulation "shall be construed as permitting a successor contractor to pay its employees less than the wages and fringe benefits to which such employees would have been entitled under the predecessor contractor's collective bargaining agreement."

14.    Section 4.133 exempts certain concession contracts from the requirements of the SCA, i.e., contracts "(such as those entered into by the National Park Service) principally for the furnishing of food, lodging, automobile fuel, souvenirs, newspaper stands, and recreational equipment to the general public," but was amended in 1983 to state that where a concession contract "include[s] substantial requirements for services

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 5

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

other than those stated, those services are not exempt."

15.     One of the DOL's stated purposes for proposing to amend the then-existing version of 29 C.F.R. § 4.133 was to "indicate the types of concession contracts and bid specifications, *including those of the National Park Service*, which are *not exempt* from the Service Contract Act." 45 Fed. Reg. 81785, 81785 (Dec. 12, 1980) (summary) (emphasis added).

16.     Section 4.141 makes clear that the SCA applies to all concessions contracts not exempt pursuant to Section 4.133 as long as "the contractor's gross receipts under the contract may exceed $2,500."

17.     The DOL's implementing regulations set forth the steps a federal agency must take when soliciting bids for a contract that may be subject to the SCA and when awarding such a contract.

18.     Before an agency intends to issue a solicitation that may result in a contract that may be covered by the SCA, the agency is required to file with the Wage and Hour Division of

DOL notice of its intention to make such a contract. 29 C.F.R. § 4.4. Once such notice is filed, DOL will issue a wage determination based on the guidelines outlined in 29 C.F.R. §§ 4.50-4.56.

19.     After selecting the successful bidder, the agency is required to include provisions in the resulting contract reiterating the wage rates and benefits contained in the wage determination. 41 U.S.C. §§ 351(a)(1)-(a)(2). In addition, the contract must also include provisions relating to proper working conditions and notice to the employee of

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 6

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE  WASHINGTON 98119-3971
(206) 285-2828

the compensation required under the determination.  41 U.S.C. §§ 351(a)(3)-(a)(4).

## The National Park Service

20.    Despite the SCA and its implementing regulations, the NPS asserts that all concession contracts, including those the principal purpose of which is to furnish transportation services, are exempt from the SCA and DOL's implementing regulations. Specifically, NPS regulation 36 C.F.R. § 51.3 states that, "[c]oncession contracts are not contracts within the meaning of 41 U.S.C. 601 et seq. (the Contract Disputes Act) and are not service or procurement contracts within the meaning of statutes, regulations or policies that apply only to federal service contracts or other types of federal procurement actions."

21.    Notwithstanding 36 C.F.R. § 51.3, NPS concession contracts, the principal purpose of which is to furnish transportation services, are not exempt from the SCA or the DOL's regulations because the services to be provided thereunder are not principally for the furnishing of food, lodging, automobile fuel, souvenirs, newspaper stands, or recreational equipment to the general public.

22.    Defendants have issued solicitations and selected offerors for award in reliance on 36 C.F.R. § 51.3.   That is, in spite of the SCA and its implementing regulations, defendants, *inter alia*, have failed to include the required SCA provisions in NPS solicitations for certain concession contracts, the principal purpose of which is to furnish transportation services, and have failed to state therein that the contractor

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 7

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

awarded the concession contract would at a minimum be required to pay the wages and fringe benefits required by the Act.

23.    By doing so NPS allows successor contractors to pay wages and fringe benefits far lower than the area prevailing wage and fringe benefits rates and/or lower than the wages and fringe benefits rates provided for in applicable collective bargaining agreements.

24.    For example, on or about July 27, 2004, defendants issued solicitation CC-GOGA001-05 seeking bids for a successor concessions contract, the principal purpose of which is to furnish transportation services (i.e., ferry services) to Alcatraz Island in San Francisco Bay.   Defendants failed to include the required SCA provisions in this solicitation, failed to file with the Wage and Hour Division of DOL a notice of their intention to make the proposed contract, failed to obtain a DOL wage determination, failed to provide copies of the collective bargaining agreement with the Union to DOL and failed to state that the contractor awarded the concession contract would at a minimum be required to pay the wages and fringe benefits provided for in predecessor contractor's collective bargaining agreements.

25.    By failing to specify that the SCA applies to this proposed NPS concession contract, the principal purpose of which is to furnish transportation services, defendants have deprived IBU's members employed by the contractor providing services under the existing contract with NPS of their right under the SCA to compete for jobs with any successor contractor without having to take a substantial cut in wages and benefits.

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE WASHINGTON 98119-3971
(206) 285-2828

26. If defendants are allowed to continue to solicit and award concession contracts, the principal purpose of which is to furnish transportation services, without regard to the SCA, they will similarly deprive members of the IBU and other unions of their rights under the SCA to compete for jobs with any successor contractor without having to take a substantial cut in wages and benefits, depress wages and benefits in the area and undermine the wage and benefit gains that the unions have obtained through collective bargaining.

## COUNT I

### Declaratory Judgment

27. The allegations in paragraphs 1 through 26 of this Complaint are incorporated as though fully set forth herein.

28. NPS' interpretation of the SCA as articulated in its regulation and applied to concession contracts, the principal purpose of which is to furnish transportation services, is arbitrary, capricious and contrary to the law and the authoritative regulations implementing the SCA promulgated by the DOL. See 41 U.S.C. § 353. The DOL's regulations make clear that contracts that are *not* principally for the furnishing of food, lodging, automobile fuel, souvenirs, newspaper stands or recreational equipment to the general public are subject to the SCA. See 29 C.F.R. §§ 4.111, 4.130, 4.133(b).

29. There is presently a justiciable controversy in that the solicitation of bids and the proposed award by the NPS of concession contracts, the principal purpose of which is to furnish transportation services, without regard for the requirements of the

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 9

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

SCA, are causing and continue to cause immediate and irreparable injury to the Union and its members.

30. There is no administrative avenue for the Union to challenge NPS' regulation or protest the NPS solicitations for transportation services.

31. The Union therefore seeks a judicial declaration that (a) defendants' interpretation of the SCA, as articulated in NPS' regulation and applied by them, is contrary to the plain language and intent of the SCA and its implementing regulations to the extent it purports to exempt those NPS concession contracts, the principal purpose of which is to furnish transportation services, from compliance with the SCA and (b) any contractors performing an NPS concession contract, the principal purpose of which is to furnish transportation services, must pay their employees wages and fringe benefits required by the SCA and its implementing regulations.

## COUNT II

### Injunctive Relief

32. The allegations in paragraphs 1 through 31 of this Complaint are incorporated as though fully set forth herein.

33. This Court has equitable powers, including the power to enter preliminary and permanent injunctions.

34. If defendants are allowed to continue awarding concession contracts, the principal purpose of which is to furnish transportation services, without complying with the SCA, the IBU and its members will suffer immediate and irreparable harm by, *inter alia*, denying IBU members their rights under the SCA to compete for jobs with the

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 10

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

successor contractor without having to take a substantial cut in wages and benefits, depressing area wage and benefit standards in the local maritime industry and undermining the wage and benefit gains that the Union has obtained through collective bargaining.

35.    Any harm suffered by defendants as a result of such injunctive relief entered in favor of the IBU and its members is greatly outweighed by the potential harm that the Union and its members will suffer if the NPS concession contracts, the principal purpose of which is to furnish transportation services, are awarded without requiring solicitations for those contracts to properly state the requirements of the SCA and/or without requiring the contractor to pay its employees at least the wages and fringe benefits provided for in the Union's collective bargaining agreements for predecessor contracts.

36.    There would be no adverse effect on the public interest if defendants were enjoined from awarding NPS concession contracts, the principal purpose of which is to furnish transportation services, without requiring the contractor to pay its employees wages and fringe benefits consistent with the SCA and at least the wages and fringe benefits required by the SCA provided for in the Union's collective bargaining agreements for predecessor contracts.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for the following relief:

1.    That the Court enter a Declaratory Judgment declaring that:

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 11

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

(a)     Defendants' interpretation of the SCA, as articulated in its regulation and as applied by them, is contrary to the plain language and intent of the SCA and its implementing regulations to the extent that it exempts NPS concession contracts, the principal purpose of which is to furnish transportation services, from compliance with the SCA; and/or

(b)     Any contractors performing pursuant to an NPS concession contract, the principal purpose of which is to furnish transportation services, must pay its employees wages and fringe benefits consistent with the SCA and its implementing regulations and, where applicable, wages and benefits no lower than those specified in the predecessor contractor's collective bargaining agreements.

2.     Enter a preliminary and permanent injunction against defendants enjoining them from:

(a)     Awarding any NPS concession contracts, the principal purpose of which is to furnish transportation services, unless the solicitation therefore expressly set forth the applicability of the SCA, the fact that the contractor would be required to pay the wages and benefits required by the SCA and contains a determination by the DOL of the relevant wages and benefits required to be paid under the Act.

3.     Award Plaintiff reasonable attorneys' fees and costs of suit, and

4.     Award such other and further relief as may be just and proper.

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 12

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Respectfully submitted,

By: _____
    Lawrence Schwerin, Esq.
    WSBA # 04360

SCHWERIN CAMPBELL BARNARD, LLP
18 West Mercer Street, Suite 400
Seattle, WA 98119-3971
(206) 285-2828
(206) 378-4132
E-mail: Schwerin@workerlaw.com

Attorneys for Plaintiff Inlandboatmen's
Union of the Pacific, Marine Division,
ILWU

Dated: March 22 , 2006

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF - 13

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE WASHINGTON 98119-3971
(206) 285-2828