1  Charles S. Birenbaum (SBN: 107894)
   Robert Spagat (SBN: 157388)
2  Jennifer W. Garber (SBN: 222096)
   WINSTON & STRAWN LLP
3  101 California Street
   San Francisco, CA  94111-5894
4  Telephone:     415-591-1000
   Facsimile:     415-591-1400
5  cbirenbaum@winston.com
   rspagat@winston.com
6  jgarber@winston.com

7  Attorneys for Applicant Intervenor
   ALCATRAZ CRUISES LLC

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  INLANDBOATMEN'S UNION OF THE      )   Case No. C-06-2152  MMC
    PACIFIC, MARINE DIVISION, ILWU,   )
12                                    )   NOTICE OF MOTION AND MOTION BY
                                      )   ALCATRAZ CRUISES LLC TO
13            Plaintiff,              )   INTERVENE
                                      )
14        vs.                         )
                                      )   Date:        May 19, 2006
15  FRAN MAINELLA, in her official capacity as )   Time:        9:00 a.m.
    DIRECTOR; UNITED STATES          )   Courtroom:   7
16  DEPARTMENT OF INTERIOR, NATIONAL  )
    PARK SERVICE, and UNITED STATES   )
17  DEPARTMENT OF THE INTERIOR,       )
    NATIONAL PARK SERVICE,            )
18                                    )
              Defendants.             )
19  _____ )

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................................. 2

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................. 2

III.    STATEMENT OF THE ISSUES TO BE DECIDED ......................................... 4

IV.     ARGUMENT ......................................................................................................... 4

    A.  AC Is Entitled To Intervene As Of Right. .................................................. 4

        1.  AC Has An Interest Relating To The Subject Matter Of This Action. ........ 4

        2.  AC's Interests May Be Impaired Without Intervention. ............................. 5

        3.  AC's Interests Are Not Adequately Represented By The Existing
            Parties. ...................................................................................................... 5

        4.  AC's Motion Is Timely. ............................................................................... 6

    B.  ALTERNATIVELY, AC SHOULD BE GRANTED LEAVE TO
        INTERVENE PERMISSIVELY PURSUANT TO FED. R. CIV. PROC.
        24(b) ............................................................................................................... 7

V.      CONCLUSION ..................................................................................................... 8

1<br>
2<br>
3<br>
4<br>
5<br>
6<br>
7<br>
8<br>
9<br>
10<br>
11<br>
12<br>
13<br>
14<br>
15<br>
16<br>
17<br>
18<br>
19<br>
20<br>
21<br>
22<br>
23<br>
24<br>
25<br>
26<br>
27<br>
28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5894**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arakaki v. Cayetano*
    324 F.3d 1078 (9th Cir. 2003) ..................................................................4, 5, 6

*California v. Tahoe Reg'l Planning Agency*
    792 F.2d 775 (9th Cir. 1986) ..................................................................6

*County of Orange v. Air California*
    799 F.2d 535 (9th Cir. 1986) ..................................................................6

*Cunningham v. David Special Commitment Ctr.*
    158 F.3d 1035 (9th Cir. 1998) ..................................................................5

*Donnelly v. Glickman*
    159 F.3d 405 (9th Cir. 1998) ..................................................................4

*Forest Conservation Council v. United States Forest Service*
    66 F.3d 1489 (9th Cir. 1995) ..................................................................6, 7

*Fresno County v. Andrus*
    622 F.2d 436 (9th Cir. 1980) ..................................................................5

*Green v. United States*
    996 F.2d 973 (9th Cir. 1993) ..................................................................5

*League of United Latin American Citizens v. Wilson*
    131 F.3d 1297 (9th Cir. 1997) ..................................................................4, 6

*Sagebrush Rebellion, Inc. v. Watt,*
    713 F.2d 525 (9th Cir. 1983) ..................................................................6

*SEC v. Navin*
    166 F.R.D. 435 (N.D. Cal. 1995) ..................................................................5

*Sierra Club v. United States EPA*
    995 F.2d 1478 (9th Cir. 1993) ..................................................................4

*Stallworth v. Monsanto Co.*
    558 F.2d 257 (5th Cir. 1977) ..................................................................7

*Trbovich v. United Mine Workers of America*
    404 U.S. 528 (1972) ..................................................................5

*United States v. Alisal Water Corp.*
    370 F.3d 915 (9th Cir. 2004) ..................................................................4

*United States v. City of Los Angeles*
    288 F.3d 391 (9th Cir. 2002) ..................................................................4

*United States v. Union Elec. Co.*
    64 F.3d 1152 (8th Cir. 1995) ..................................................................5, 6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

NOTICE OF MOTION AND MOTION BY ALCATRAZ CRUISES, LLC TO INTERVENE
Case No. C-06-2152 MMC

## TABLE OF AUTHORITIES

Page

1

**Statutes**

2 16 U.S.C. § 5952(6)..................................................................................................2, 3

3 **Rules**

4 Federal Rule of Civil Procedure 24(a)...................................................................4, 5

5 Federal Rule of Civil Procedure 24(a)(2) ..............................................................2, 4

6 Federal Rule of Civil Procedure 24(b)...................................................................4, 7

7 Federal Rule of Civil Procedure 24(b)(2)..............................................................2, 7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5894**

NOTICE OF MOTION AND MOTION BY ALCATRAZ CRUISES, LLC TO INTERVENE
Case No. C-06-2152  MMC

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on such shortened time as may be permitted by the Court pursuant to the Notice of Motion and Motion to Shorten Time for Notice of its Motion to Intervene; Request To Modify The Briefing Schedule, filed herewith, or alternatively, on May 19, 2006, at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Proposed Intervenor ALCATRAZ CRUISES LLC, an affiliate of Hornblower Yachts, Inc. (hereafter "AC") will, and hereby does petition to Court for leave to intervene in this case.

AC's Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities and the declaration of Jennifer Garber in support thereof; the proposed order; the pleadings, records, and files in this action; any and all arguments of counsel; the Notice of Motion and Motion to Shorten Time for Notice of its Motion to Intervene; and on any other additional materials presented at or before hearing on this petition as the Court may consider.

Dated:  April 10, 2006                    Winston & Strawn LLP

                                          By:  _____
                                               Charles Birenbaum
                                               Robert Spagat
                                               Jennifer Garber
                                               Attorneys for Intervenor
                                               ALCATRAZ CRUISES LLC

NOTICE OF MOTION AND MOTION BY ALCATRAZ CRUISES, LLC TO INTERVENE
Case No. C-06-2152  MMC

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Alcatraz Cruises LLC, an affiliate of Hornblower Yachts, Inc. (hereafter "AC") is the concessionaire selected by Defendant National Park Service ("NPS") for the award of the Alcatraz Concession Contract forming the basis for this action (the "Contract").  By this motion, AC seeks leave of court to intervene in the action.  All parties have indicated that they do not oppose this motion.

AC has invested considerable time and resources participating in a selection process that lasted more than a year and negotiating the Contract with NPS.  Now, on the eve of the formal award of the ten-year Contract to AC, Plaintiff Inlandboatmen's Union of the Pacific, Maritime Division, ILWU ("IBU"), a labor union with members working for the current concessionaire, Blue & Gold Fleet, LP ("Blue & Gold"), seeks to enjoin NPS from awarding the contract altogether, or alternatively, to enjoin NPS from awarding it without making material changes to its terms.  AC undeniably has an interest in the Contract which may be impaired by the disposition of this action.  AC's interests are not adequately protected by NPS, *inter alia*, because NPS is the federal agency awarding a concession contract, and AC is the selected concessionaire.  This motion is timely because the Complaint was filed less than three weeks ago.  Pursuant to Federal Rule of Civil Procedure 24(a)(2), AC is entitled to intervene as a matter of right.

In the alternative, AC seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(2).  AC's issues and the present action share common questions of law and fact, AC's participation will not delay or prejudice the adjudication of the rights of the parties, and this motion to intervene is timely.  Fed. R. Civ. Proc. § 24(b)(2).

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about July 27, 2004, NPS issued a solicitation seeking bids for a successor contract to provide ferry transportation and related services between San Francisco and Alcatraz Island (the "Contract").  Complaint of Plaintiff ("Complaint"), ¶ 24.  On or about September 27, 2005, NPS selected AC for the award of the proposed Contract.  Garber Decl., ¶ 2.  On or about March 8, 2006, NPS submitted the proposed Contract to Congress pursuant to 16 U.S.C. § 5952(6).  Congress has

2

1    sixty days to review the Contract before NPS can award it.  16 U.S.C. § 5952(6).

2        On or about November 15, 2005, Blue & Gold filed a Pre-Award Protest of the selection of

3    AC for the Contract in the Federal Court of Claims.  Declaration of Jennifer Garber in support of

4    Motion of AC to Intervene ("Garber Decl."), ¶ 3, Exh. A.  The protest raised, *inter alia*, the issue of

5    whether the Service Contract Act applied to the Contract.  *Id.*  The Federal Court of Claims granted

6    AC's motion to intervene in that action.  Garber Decl., ¶ 4, Exh. B.

7        On January 6, 2006, the Department of Labor ("DOL") asked NPS to submit a statement of

8    its position as to whether the Contract Service Act applied to the Contract.  Garber Decl., ¶ 5.  DOL

9    granted AC's request to submit a position statement.  *Id.*  NPS' and AC's position statements are due

10   to be submitted to DOL shortly.  *Id.*

11       On or about March 23, 2006, IBU filed this action in the United States District Court for the

12   Northern District of California seeking declaratory and injunctive relief.  The Complaint alleges that

13   the SCA applies to the Alcatraz Contract, and that the Contract is not in compliance.  Complaint, ¶¶

14   24, 28.  The Complaint seeks, *inter alia*, a preliminary and permanent injunction against NPS and its

15   Director preliminarily and permanently enjoining them from (1) awarding any concession contracts,

16   the principal purpose of which is to furnish transportation services, unless the solicitations expressly

17   set forth the applicability of the SCA, the fact that the contractor would be required to pay the wages

18   and benefits required by the SCA and contains a determination by the DOL of the relevant wages

19   and benefits required to be paid under the SCA. Complaint, at 12.

20       On March 27, 2006, IBU filed a Motion for Preliminary Injunction against NPS.  The Motion

21   seeks a preliminary injunction barring NPS and its Director from (1) awarding any concession

22   contracts, the principal purpose of which is to furnish transportation services, in response to a

23   solicitation that does not expressly set forth the applicability of the SCA, and (2) from allowing any

24   contractor on any concession contract, the principal purpose of which is to furnish transportation

25   services, to pay their employees wages and fringe benefits lower than those required by the SCA.

26   The Motion is currently set to be heard on May 5, 2006.  Briefs filed in opposition to the Motion are

27   due on April 14, 2006.  AC does not seek to modify the briefing schedule.  None of the parties

28   oppose AC's Motion to Intervene.  Garber Decl., ¶¶ 6, 7.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

III. **STATEMENT OF THE ISSUES TO BE DECIDED**

The issues to be decided by this motion are:

1.  Whether AC is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)?

2.  If not, whether the Court, in its discretion, should allow AC to intervene under Federal Rule of Civil Procedure 24(b)?

IV. **ARGUMENT**

A. **AC Is Entitled To Intervene As Of Right.**

Federal Rule of Civil Procedure 24(a) provides that, "Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). Rule 24(a) is construed broadly in favor of potential interveners. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

The Ninth Circuit applies a four-part test for deciding applications for interventions as of right under Rule 24(a): (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction involved in the pending lawsuit; (3) the applicant must demonstrate that disposition of the lawsuit may adversely affect the applicant's interest unless intervention is allowed; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). AC readily satisfies this test.

1. **AC Has An Interest Relating To The Subject Matter Of This Action.**

"The requirement of a significantly protectable interest is generally satisfied when the 'interest is protectable under some law, and . . . there is a relationship between the protected interest and the claim at issue.'" *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *cert. denied*, 540 U.S. 1017 (2003), *citing Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).

4

The Ninth Circuit views this test as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Fresno County v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).  No specific legal or equitable interest need be established, and the intervention may be based on an interest that is contingent upon the outcome of the litigation.  *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995); *Green v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).

AC satisfies the interest test because it is a party to the Alcatraz Contract.  Through its prayer for injunctive relief, IBU – who is *not* a party to the Contract – seeks to prevent altogether the implementation of the Contract, or alternatively, to materially alter the terms and conditions upon which it could be implemented.  Having expended considerable time and expense successfully competing in the selection process, AC has a strong interest in protecting and implementing its agreement with NPS, and to do so without delay or modification.

### 2.   AC's Interests May Be Impaired Without Intervention.

To demonstrate that disposition of the pending action would have a potential adverse impact an applicant's interest, the applicant need merely show that the disposition of the action "may as a practical matter impair or impede [its] ability to protect [its] interest."  Fed. R. Civ. Proc. 24(a); *SEC v. Navin*, 166 F.R.D. 435, 440 (N.D. Cal. 1995); *Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1038 (9th Cir. 1998).

AC satisfies the impairment of interest test because, as discussed above, IBU seeks to prevent NPS from implementing the Contract, or in the alternative, to require NPS to modify it materially as a condition of implementation.  Thus, AC potentially could be forced to re-bid the Contract six months after its selection by NPS and more than twenty months after the bidding process began, or to negotiate material changes to it.  This action thus threatens to impair AC's interest.

### 3.   AC's Interests Are Not Adequately Represented By The Existing Parties.

In assessing the existing parties' adequacy in representing the interests of the applicant for intervention, the Court need only consider whether that representation "may be" inadequate. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 (1972); *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  The burden of showing inadequacy of representation is not a heavy

5

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    one. In fact, a "minimal" showing is all that is required. *Id*; *Sagebrush Rebellion, Inc. v. Watt*, 713

2    F.2d 525, 528 (9th Cir. 1983).

3         The Court may consider various factors in determining whether existing parties adequately

4    represent AC, including: "(1) whether the interest of a present party is such that it will undoubtedly

5    make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing

6    to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements

7    to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086, *citing California v.*

8    *Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986); *Forest Conservation Council v.*

9    *United States Forest Service*, 66 F.3d 1489, 1492 (9th Cir. 1995).

10        AC's interests clearly are in conflict with IBU's interests – AC seeks an order denying the

11   relief requested in the Complaint and in the motion for preliminary injunction. Although AC is

12   aligned with NPS in seeking the denial of relief and dismissal of the action, the interests of AC and

13   NPS are not one and the same. If NPS is enjoined from awarding the Contract, it potentially may

14   have to re-bid it; AC will lose its exclusive right to the Contract. If the Contract is changed, the

15   burden of implementation of the change will fall on AC, not NPS. Thus, the existing parties do not

16   adequately represent AC's interests.

17               **4.    AC's Motion Is Timely.**

18        Courts generally consider the following three factors to evaluate whether a motion to

19   intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the

20   prejudice to the other parties; and (3) the reason for and length of the delay." *League of United Latin*

21   *American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997), *citing County of Orange v. Air*

22   *California*, 799 F.2d 535, 537 (9th Cir. 1986).

23        Plaintiff filed its Complaint in this case on March 21, 2006—just a few weeks ago. Thus, the

24   case is at a very early stage of its proceedings. Furthermore, because AC did not delay in moving to

25   intervene, the other parties have suffered no prejudice. The question of whether other parties have

26   been prejudiced focuses on whether they have been prejudiced by a delay in moving to intervene,

27   and "not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit

28   to change." *United States v. Union Elec. co*, 64 F.3d 1152, 1159 (8th Cir. 1995); *Smith v. Marsh*,

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   194 F.3d 1045, 1051 (9th Cir. 1999).  AC's motion to intervene is timely.

2   **B.      ALTERNATIVELY, AC SHOULD BE GRANTED LEAVE TO INTERVENE**
3   **PERMISSIVELY PURSUANT TO FED. R. CIV. PROC. 24(b).**

4        If the Court determines that AC is entitled to intervene as a matter of right, it need not reach

5   the issue of permissive intervention.  *Forest Conservation Council v. United States Forest Service*,

6   66 F.3d 1489, 1491 n.1 (9th Cir. 1995).  However, in the event the Court deems AC ineligible to

7   intervene as a matter of right, AC moves alternatively for permission to intervene pursuant to

8   Federal Rule of Civil Procedure 24(b), which provides for permissive intervention, upon timely

9   motion, "when an applicant's claim or defense and the main action have a question of law or fact in

10  common." Fed. R. Civ. Proc. 24(b)(2).  The existence of a "common question" is liberally

11  construed.  *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977).  In exercising its

12  discretion to permit a party to intervene under this rule, "the court shall consider whether the

13  intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

14  Fed. R. Civ. Proc. 24(b)(2).

15       AC satisfies the requirements for permissive intervention.  As demonstrated above, the

16  application for intervention is timely, filed within weeks after Plaintiff filed its Complaint, and AC

17  does not seek to modify the briefing schedule on Plaintiff's pending motion for a preliminary

18  injunction.  In addition, AC will raise common questions of law and fact with those asserted by the

19  original parties.  Specifically, AC's involvement in the Alcatraz Contract and its interests in any

20  potential changes to that contract relate specifically to the exact questions raised by IBU and NPS.

21  Thus, should the Court not grant AC's motion for intervention as of right, AC respectfully requests

22  that the Court exercise its discretion to grant it permissive intervention pursuant to Federal Rule of

23  Civil Procedure 24(b).

24       / / /

25       / / /

26       / / /

27       / / /

28       / / /

7

1  **V.     CONCLUSION**

2       For the foregoing reasons, AC respectfully requests that the Court grant its motion to

3  intervene as of right, or in the alternative, for permissive intervention.

4

5  Dated:  April 10, 2006                    WINSTON & STRAWN LLP

6

7                                            By:  _____

8                                                 Charles S. Birenbaum
                                                  Robert Spagat
9                                                 Jennifer W. Garber
                                                  Attorneys for Intervenor
10                                                ALCATRAZ CRUISES LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION BY ALCATRAZ CRUISES, LLC TO INTERVENE
Case No. C-06-2152  MMC

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894