Charles S. Birenbaum (SBN: 107894)
Robert Spagat (SBN: 157388)
Jennifer W. Garber (SBN: 222096)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
cbirenbaum@winston.com
rspagat@winston.com
jgarber@winston.com

Attorneys for Applicant Intervenor
ALCATRAZ CRUISES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLANDBOATMEN'S UNION OF THE PACIFIC, MARINE DIVISION, ILWU,<br><br>Plaintiff,<br><br>vs.<br><br>FRAN MAINELLA, in her official capacity as DIRECTOR; UNITED STATES DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE, and UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE,<br><br>Defendants. | Case No. C-06-2152 MMC<br><br>**ANSWER OF PROPOSED INTERVENOR ALCATRAZ CRUISES LLC TO PLAINTIFF'S COMPLAINT** |

Proposed Intervenor ALCATRAZ CRUISES LLC, an affiliate of Hornblower Yachts, Inc. (hereafter "AC") answers Plaintiff's Complaint as follows:

1.  AC denies each and every allegation contained in paragraph 1 of the Complaint.

2.  AC admits each and every allegation contained in paragraph 2 of the Complaint.

3.  AC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.  AC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.  AC admits each and every allegation contained in paragraph 5 of the Complaint.

6.  AC admits each and every allegation contained in paragraph 6 of the Complaint.

7.  The allegations contained in paragraph 7 of the Complaint are legal argument to which no admission or denial is required.

8.  The allegations contained in paragraph 8 of the Complaint are legal argument to which no admission or denial is required.

9.  The allegations contained in paragraph 9 of the Complaint are legal argument to which no admission or denial is required.

10. The allegations contained in paragraph 10 of the Complaint are legal argument to which no admission or denial is required.

11. The allegations contained in paragraph 11 of the Complaint are legal argument to which no admission or denial is required.

12. The allegations contained in paragraph 12 of the Complaint are legal argument to which no admission or denial is required.

13. The allegations contained in paragraph 13 of the Complaint are legal argument to which no admission or denial is required.

14. The allegations contained in paragraph 14 of the Complaint are legal argument to which no admission or denial is required.

15. The allegations contained in paragraph 15 of the Complaint are legal argument to which no admission or denial is required.

16. The allegations contained in paragraph 16 of the Complaint are legal argument to which no admission or denial is required.

17. The allegations contained in paragraph 17 of the Complaint are legal argument to which no admission or denial is required.

18. The allegations contained in paragraph 18 of the Complaint are legal argument to which no admission or denial is required.

19. The allegations contained in paragraph 19 of the Complaint are legal argument to which no admission or denial is required.

20. The allegations contained in paragraph 20 of the Complaint are legal argument to which no admission or denial is required.

21. The allegations contained in paragraph 21 of the Complaint are legal argument to which no admission or denial is required.

22. The allegations contained in paragraph 22 of the Complaint are legal argument to which no admission or denial is required.

23. The allegations contained in paragraph 23 of the Complaint are legal argument to which no admission or denial is required.

24. The allegations contained in paragraph 24 of the Complaint are legal argument to which no admission or denial is required.

25. The allegations contained in paragraph 25 of the Complaint are legal argument to which no admission or denial is required.

26. The allegations contained in paragraph 26 of the Complaint are legal argument to which no admission or denial is required.

27. In response to the allegations in paragraph 27 of the Complaint, AC realleges and incorporates by reference its response to paragraphs 1 through 26 of this Answer.

28. The allegations contained in paragraph 28 of the Complaint are legal argument to which no admission or denial is required.

29. The allegations contained in paragraph 29 of the Complaint are legal argument to which no admission or denial is required.

30. The allegations contained in paragraph 30 of the Complaint are legal argument to which no admission or denial is required.

31. AC admits that Plaintiff seeks the relief stated in paragraph 31 of the Complaint. AC denies that Plaintiff is entitled to any of the relief sought in paragraph 31 of the Complaint.

32. In response to the allegations in paragraph 32 of the Complaint, AC realleges and incorporates by reference its response to paragraphs 1 through 31 of this Answer.

33. The allegations contained in paragraph 33 of the Complaint are legal argument to which no admission or denial is required.

34. The allegations contained in paragraph 34 of the Complaint are legal argument to which no admission or denial is required.

35. The allegations contained in paragraph 35 of the Complaint are legal argument to which no admission or denial is required.

36. The allegations contained in paragraph 36 of the Complaint are legal argument to which no admission or denial is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The Complaint fails to state facts sufficient to support a valid claim for relief against AC.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Jurisdiction)

2. Plaintiff's claims are barred in whole or in part in that the Court lacks jurisdiction over Plaintiff's claims. It is within the exclusive jurisdiction of the Federal Court of Claims to hear a challenge to the contract at issue. Furthermore, it is within the primary jurisdiction of the Department of Labor to adjudicate claims under the Service Contract Act.

### THIRD AFFIRMATIVE DEFENSE
(Waiver)

3. Plaintiff's claims are barred in whole or in part under the equitable doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE
(Laches)

4. Plaintiff's claims are barred in whole or in part under the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

5. Plaintiff's claims are barred in whole or in part under the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

6. Plaintiff's claims are barred in whole or in part under the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

7. Plaintiff is barred from bringing this action in that Plaintiff lacks standing to bring an action. Plaintiff is not a party to the transaction and is not connected to the transaction. AC owes no duty to respond to Plaintiff's allegations regarding the transaction.

### EIGHTH AFFIRMATIVE DEFENSE
(Ripeness)

8. Plaintiff is barred from bringing this action in that Plaintiff's claims are not ripe and thus there is no case or controversy for this Court to resolve.

### NINTH AFFIRMATIVE DEFENSE
(Improper Party)

9. Plaintiff is barred from bringing this action in that Plaintiff is not a proper party to this action.

### TENTH AFFIRMATIVE DEFENSE
(Preemption)

10. The National Labor Relations Act, 29 U.S.C. §§ 151 *et seq.* preempts Plaintiff's claims because, *inter alia*, they are an artifice for an attempt by Plaintiff to organize AC's workforce.

### ELEVENTH AFFIRMATIVE DEFENSE
(Preemption)

11. The McNamara-O'Hara Service Contract Act, 41 U.S.C. § 351 *et seq.* preempts Plaintiff's claims.

### TWELFTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

12. AC currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. AC expressly reserves the

right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, AC prays as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;
2. That AC be awarded its costs of suit, including reasonable attorneys' fees; and
3. That AC be awarded such other and further relief as the Court deems just and proper.

Dated: April 10, 2006

WINSTON & STRAWN LLP

By: _____
Charles S. Birenbaum
Robert Spagat
Jennifer W. Garber
Attorneys for Intervenor
ALCATRAZ CRUISES LLC

SF:129025.1