1  ROBERT S. REMAR (SBN 100124)
2  ELEANOR MORTON (SBN 220407)
   LEONARD CARDER, LLP
3  1188 Franklin Street, Suite 201
   San Francisco, CA 94109
4  Telephone: 415/771-6400
   Facsimile: 415/771-7010
5

6  Attorneys for Plaintiff
   INTERNATIONAL ORGANIZATION OF MASTERS,
7  MATES, AND PILOTS, PACIFIC MARITIME REGION

8

9              UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  INTERNATIONAL ORGANIZATION OF     )  **Case No. C-06-2107-CW**
    MASTERS, MATES, AND PILOTS,       )
13  PACIFIC MARITIME REGION,          )  **STIPULATED FINAL JUDGMENT OF**
                                      )  **PERMANENT INJUNCTION**
14              Plaintiff,            )
                                      )
15  v.                                )
                                      )
16  NATIONAL PARK SERVICE, et al.,    )
                                      )
17              Defendants.           )
18  _____   )
19  INLANDBOATMEN'S UNION OF THE      )  **Case No. C-06-2152-CW**
    PACIFIC, MARINE DIVISION, ILWU    )
20                                    )  **(Related Case)**
                                      )
21              Plaintiff,            )
                                      )
22  v.                                )
                                      )
23  FRAN MAINELLA, et al.,            )
                                      )
24                                    )
                Defendants.           )
25  _____   )

26

27        This Stipulated Final Judgment and Permanent Injunction is entered into by and among

28  plaintiffs International Organization of Masters, Mates and Pilots, Pacific Maritime Region and

STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION
C06-2152 CW / C06-2107 CW

Inland Boatmen's Union, Defendants National Park Service and the Director of the National Park Service, Dan Wenk (acting) and Intervenor Alcatraz Cruises, LLC.

The parties, by and through their respective counsel, hereby stipulate and agree as follows:

1.      Plaintiffs International Organization of Masters, Mates and Pilots, Pacific Maritime Region and Inland Boatmen's Union (collectively, "Plaintiffs") filed complaints for preliminary and permanent injunctions in this matter against Defendants National Park Service and the Director of the National Park Service, then Fran Mainella and now Dan Wenk (acting) ("Defendants").  In their complaints, Plaintiffs sought *inter alia* to enjoin Defendants from awarding any contract pursuant to a solicitation for a concession contract for the provision of water transportation services between San Francisco, California and Alcatraz Island and related services ("Alcatraz Solicitation") that would be in violation of the McNamara-O'Hara Service Contract Act ("SCA"), 41 U.S.C. § 351.

2.      Plaintiffs are labor organizations which represent employees of Blue and Gold Fleet, LLP, the prior concessioner providing services under the predecessor concession contract to that proposed in the Alcatraz Solicitation.

3.      Alcatraz Cruises, LLC ("Alcatraz Cruises") intervened in the action.

4.      In or about September 2005, after the close of the Alcatraz Solicitation, Defendant National Park Service announced that Alcatraz Cruises' proposal had been selected as the best proposal received.

STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION
C06-2152 CW / C06-2107 CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.      The Alcatraz Solicitation had proposed a concession contract ("Proposed Contract") that did not comply with the SCA and Defendants contended that the SCA did not apply to the Proposed Contract.

6.      On May 1, 2006, after considering the submissions and arguments of counsel, the Court held that Defendants were:

> preliminarily enjoined from awarding a contract, for the continuation of water transportation services between the City of San Francisco, California and Alcatraz Island and related services, that permits any contractor or subcontractor under it to pay its employees providing services under such contract less than the wages and fringe benefits specified in Plaintiffs' collective bargaining agreements with Blue and Gold Fleet, LLP, including any prospective increases in wages and fringe benefits specified in such collective bargaining agreements.  Court Order (5/1/06).

While the Court found that Plaintiffs had a reasonable likelihood of proving that the SCA applies to the Alcatraz Contract, the matter was still pending before the Department of Labor. Therefore, the Court ordered that the case was "stayed pending the Department of Labor's determination of whether the SCA applies to the concessions contract at issue."  *Id.*

7.      The Court issued another order on May 23, 2006 discussing in more detail the bases upon which relief was granted.

8.      On May 9,  2006, the National Park Service formally awarded concession contract CC-GOGA001-06 ("Alcatraz Concession Contract") to Alcatraz Cruises, LLC for a term of ten years, after incorporating the Court's May 1, 2006 preliminary injunction order (as it may be modified) into the Concession Contract under the compliance with all "Applicable Laws" requirements of that contract.  Subsequently, Plaintiff Inland Boatmen's Union moved to modify the Court's May 1, 2006 preliminary injunction order to enjoin the performance of the awarded contract on the grounds the incorporation of the preliminary injunction order into the Alcatraz

STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION
C06-2152 CW / C06-2107 CW

1  Concession Contract was an impermissible modification of the terms of a concession contract
2  between its solicitation and award.  Plaintiff's motion to modify the preliminary injunction was
3  denied by the Court, in an Order issued September 7, 2006.
4
5      9.    On September 15, 2006, the Wage and Hour Division of the Department of Labor
6  issued its final ruling letter to the Director of the National Park Service determining that the
7  Alcatraz Concession Contract was covered by SCA and did not fall within any of the exempted
8  categories of concession contracts pursuant to 29 C.F.R. §4.133(b) ("September 15, 2006 SCA
9  Coverage Determination").  After seeking and receiving clarification from the Wage and Hour
10 Division regarding steps necessary to comply with the September 15, 2006 SCA Coverage
11 Determination, the National Park Service incorporated into the Alcatraz Concession Contract the
12 SCA stipulations contained in 29 C.F.R. §4.6 and attached the applicable wage determinations
13 required by 29 C.F.R. §4.5.  The Wage and Hours Division was advised of and concurred with
14 these actions of the National Park Service.  In addition, the National Park Service requested and
15 received from the Wage and Hours Division a variance from the provisions of Section 4(d) of the
16 SCA, 41 U.S.C. § 353(d), that limits the terms of a covered service contract to not more than five
17 years, to allow a term of ten year for the Alcatraz Concession Contract.  The Court was advised
18 of each of these compliance steps through the Third Declaration Of Carolyn A. Lown, which was
19 filed herein on November 27, 2006.
20
21     10.   Alcatraz Cruises, LLC filed, but the National Park Service did not, a petition for
22 review by the Department of Labor's Administrative Review Board of the September 15, 2006
23 SCA Coverage Determination.  On January 23, 2009, the Department of Labor Administrative
24 Review Board issued a Final Decision and Order affirming the September 15, 2006 SCA
25 Coverage Determination.

STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION
C06-2152 CW / C06-2107 CW

11.     Defendants, therefore, consent to the entry, without further notice, of this Final Judgment of Permanent Injunction.

12.     Defendants and Alcatraz Cruises waive any right they may have to appeal from the Final Judgment of Permanent Injunction.

13.     The parties state that they enter into this Final Judgment of Permanent Injunction voluntarily.

14.     Plaintiffs reserve their rights to move for attorney's fees under applicable law. Defendants reserve their right to object to any such motion on any available grounds.

The parties, having stipulated to the entry of the following Judgment, and good cause appearing for the entry thereof:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     The Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1331.

2.     The Alcatraz Concession Contract, as amended on or about May 8, 2006, is subject to the McNamara-O'Hara Service Contract Act, 41 U.S.C. § 351, *et seq*. and does not fall within the categories of concession contracts that are specifically exempted from coverage under the SCA pursuant to 29 C.F.R. §4.133(b).

3.     Defendants National Park Service and its Director are permanently enjoined from amending the Alcatraz Concession Contract so as to permit any contractor or subcontractor under it to pay its employees providing services under such contract less than the wages and fringe benefits required under the Service Contract Act, 41 U.S.C. § 351, *et seq*.

STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION
C06-2152 CW / C06-2107 CW

4.      This Court shall retain jurisdiction to the extent necessary to enforce this Permanent Injunction.  The Court shall not have jurisdiction under this Permanent Injunction to adjudicate any alleged failure by any contractor or subcontractor under it to pay its employees providing services under such contract less than the wages and fringe benefits required under to the Service Contract Act, 41 U.S.C. § 351, et seq.

5.      Nothing in this Judgment or Permanent Injunction shall prevent Defendant National Park Service and its Director from amending the Alcatraz Concession Contract to the extent that any such amendment may be required or allowed by any amendment to the Service Contract Act, 41 U.S.C. § 351, et seq., or its implementing regulations.

6.      IT IS SO STIPULATED.


DATED:   6/17/09                           LEONARD CARDER, LLP
                                          ROBERT S. REMAR
                                          ELEANOR MORTON

                                          By:  /s/ Eleanor Morton
                                                Eleanor Morton
                                          Attorneys for Plaintiff MM&P


DATED:   6/17/09                           SCHWERIN CAMPBELL BARNARD LLP
                                          LARRY SCHWERIN
                                          DMITRI IGLITZIN

                                          By:  /s/ Dmitri Iglitzin
                                                Dmitri Iglitzin
                                          Attorneys for Plaintiff IBU


STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION
C06-2152 CW / C06-2107 CW

1    DATED:___6/17/09_____              JOSEPH R. RUSSONIELLO
                                             United States Attorney
2

3                                             _/s/ Stephen L. Johnson_____
                                             STEPHEN L. JOHNSON
4                                            Assistant United States Attorney
                                             Attorneys for Federal Defendants
5

6    DATED:___6/17/09_____              WINSTON & STRAWN, LLP
                                             CHARLES BIRENBAUM
7                                            ROBERT SPAGAT

8                                            /s/ Robert Spagat

9
                                             _____
10                                           ROBERT SPAGAT
                                             Attorneys for Intervenor
11                                           ALCATRAZ CRUISES LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION
C06-2152 CW / C06-2107 CW